## Boynosky v. Borough of Old Forge

*John R. Lenahan,* for plaintiff.

*Samuel Fallk,* for defendant.

HOBAN, J., November 21, 1955.—The case was tried, by written agreement, before the court without a jury. At the trial it was stipulated by counsel that the making of findings of fact and conclusions of law and the filing of exceptions be waived and that the decision of the court be treated as a final decision.

Plaintiffs claim of defendant the sum of $2,628, with interest from October 11, 1952, for the rental by the Borough of Old Forge on a per diem basis, of a compressed air machine and an operator for certain sewer work being then done directly by the borough without the intervention of any contractor.

The borough formally objects to the payment of the account for the reason that there was neither preliminary advertising nor the subsequent execution of a written contract for the work done by plaintiffs and therefore in violation of section 1316 of the Borough Code of May 4, 1927, P. L. 519, 53 PS §13.412.

It appears from the testimony that the borough engineer, the road commissioner of the borough and a councilman of the borough negotiated with one of plaintiffs for the rental of the compressor and an operator at an hourly rate of $4.50, which was then $2 less than the going rate for the rental of similar equipment in other enterprises. The deal was, therefore, if the work was necessary, of considerable advantage to the borough.

It further appears from the testimony that the work involved was the laying of a section of sewer under one of the borough's streets in order to service some newly erected residence properties, and that it was simply an addition to the then existing sewer system.

The size of the job being such that it could be handled by the borough employes under the supervision of the borough engineer and the road commissioner, no contracts were asked for or let.

It seems to me that we have here an ordinary hiring of equipment on the same basis that the borough hired day laborers to perform other work on the job.

It is true that the amount in total runs over the ordinarily permissible expenditure limits of the borough without prior advertising and competitive bidding. But I am convinced that the undertaking here was no different in principle from the hiring of ordinary day laborers and that this deal was not within the contemplation of the statute.

Apparently it was anticipated that the work would be less difficult and of shorter duration than actually was the case; but considerable rock work was involved in the job, and all of the witnesses for the borough agree that the work was actually performed and was necessary for the normal purposes of borough administration.

Further, there is no question that the time accounts were submitted weekly to the borough during the progress of the work. Normally they would have been paid but the borough, at the time being short of money, notified the plaintiffs that payment would have to be deferred.

A change of administration having occurred, the borough council is now unwilling to accept this account for payment without resolving the main question involved, to wit, whether or not the contract should have been advertised and let on competitive bids. We are of the opinion that such was not necessary.

It was stipulated at the trial that because of lapse of time and other difficulties involved plaintiffs are now willing to accept the sum of $1,300 as the fair value of the work performed.

Accordingly, we make the following decision:

We find in favor of plaintiffs and against defendant, the Borough of Old Forge, in the sum of $1,300. The prothonotary is directed to enter judgment in that amount in favor of plaintiffs and against defendant.